**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| YETI Coolers, LLC, | Case No. **4:21-cv-00505** |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| Igloo Products Corporation, | |
| Defendant. | |

## PLAINTIFF YETI'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, YETI Coolers, LLC ("YETI"), for its first amended complaint against Defendant, Igloo Products Corporation ("Igloo"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      Igloo is a company organized and existing under the laws of the State of Delaware with a principal place of business at 777 Igloo Road, Katy, TX 77494.

### Jurisdiction and Venue

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Igloo because, *inter alia*, Igloo is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District, at least because Igloo has a regular and established place of business in this District, and because Igloo has committed acts of patent infringement in the State

of Texas, including in this District.  Igloo transacts business and makes, uses, sells, and/or offers

for sale products that infringe the asserted patents in the State of Texas and in this District.

5.      Venue is proper in this District pursuant to at least 28 U.S.C. § 1400(b) at least

because Igloo has committed acts of patent infringement in this District and has a regular and

established place of business in this District.

### General Allegations — YETI's Intellectual Property

6.      For years, YETI has continuously engaged in the design, development,

manufacture, promotion, and sales of its cooler products, including its Hopper® Soft-Sided

Coolers. YETI has invested substantial resources into the research, design, and development of its

Hopper® Soft-Sided Coolers.  And YETI's research, design, and development have led to many

innovative cooler designs and technologies, including designs and technologies at issue in this

lawsuit.

7.      For example, YETI owns U.S. Patent No. 9,139,352 ("the '352 Patent"), related to

an insulating container, U.S. Patent No. 10,981,716 ("the '716 Patent"), related to an insulating

device, and U.S. Patent No. 10,994,918 ("the '918 Patent"), related to an insulating device and

method.  YETI also owns U.S. Design Patent No. D897,780 ("the '780 Patent"), U.S. Design

Patent No. D896,591 ("the '591 Patent"), and U.S. Design Patent No. D815,496 ("the '496

Patent"), all related to an insulating device, and U.S. Design Patent No. D848,221 ("the '221

Patent"), related to a backpack cooler.

8.      The '352 Patent is titled "Insulating Container."  On September 22, 2015, the '352

Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right,

title, and interest to the '352 Patent.  A copy of the '352 Patent is attached as Exhibit 1.

9.      The '716 Patent is titled "Insulating Device."  On April 20, 2021, the '716 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '716 Patent.  A copy of the '716 Patent is attached as Exhibit 2.

10.     The '918 Patent is titled "Insulating Device and Method for Forming Insulating Device."  On May 4, 2021, the '918 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '918 Patent.  A copy of the '918 Patent is attached as Exhibit 3.

11.     The '780 Patent is titled "Insulating Device."  On October 6, 2020, the '780 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '780 Patent.  A copy of the '780 Patent is attached as Exhibit 4.  An exemplary figure from the '780 Patent is shown in Illustration 1 below:

| Illustration 1: Exemplary Figure from the '780 Patent |
| --- |



12.     The '591 Patent is titled "Insulating Device."  On September 22, 2020, the '591 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '591 Patent.  A copy of the '591 Patent is attached as Exhibit 5.  An exemplary figure from the '591 Patent is shown in Illustration 2 below:

| Illustration 2: Exemplary Figure from the '591 Patent |
| --- |



13.     The '496 Patent is titled "Insulating Device."  On April 17, 2018, the '496 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '496 Patent.  A copy of the '496 Patent is attached as Exhibit 6.  An exemplary figure from the '496 Patent is shown in Illustration 3 below:

| Illustration 3: Exemplary Figure from the '496 Patent |
| --- |



14.     The '221 Patent is titled "Backpack Cooler."  On May 14, 2019, the '221 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '221 Patent.  A copy of the '221 Patent is attached as Exhibit 7.  An exemplary figure from the '221 Patent is shown in Illustration 4 below:

| Illustration 4: Exemplary Figure from the '221 Patent |
| --- |



**General Allegations — Igloo's Unlawful Activities**

15.    Igloo is violating YETI's rights by using, selling, offering to sell, making, and/or importing into the United States products that infringe YETI's utility and design patents.

16.    Igloo's infringing products include its Reactor 18-Can Coolers, Reactor-30 Can Coolers, Reactor 24-Can Backpacks, Reactor Cinch Totes, and Reactor Cinch Backpacks. Igloo's infringing products are shown on Igloo's website, e.g., https://www.igloocoolers.com/collections/reactor, and exemplary images of Igloo's infringing products are also shown below:

| Illustration 5: Exemplary Images of Igloo's Reactor 18-Can Coolers |
| --- |



| Illustration 6: Exemplary Images of Igloo's Reactor 30-Can Coolers |
| --- |



| Illustration 7: Exemplary Images of Igloo's Reactor 24-Can Backpacks |
| --- |



| Illustration 8: Exemplary Images of Igloo's Reactor Cinch Totes |
| --- |



| Illustration 9: Exemplary Images of Igloo's Reactor Cinch Backpacks |
|---|



### Count I:
### Patent Infringement of U.S. Patent No. 9,139,352 Under 35 U.S.C. § 271

17.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 16 as though fully set forth herein.

18.     Igloo has infringed and continues to infringe the '352 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor 18-Can Coolers, Reactor 30-Can Coolers, and Reactor 24-Can Backpacks, which include each and every element of one or more claims of the '352 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

19.     Claim 1 of the '352 Patent recites "[a]n insulating container comprising:" "an outer shell," "an inner liner forming a storage compartment," "a foam layer floating in between the outer shell and the inner liner," "the foam layer providing insulation," "an opening extending through the outer shell and the inner liner," and a "closure adapted to substantially seal the opening, the

8

closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating container is in any orientation."

20.     Igloo's Reactor 18-Can Coolers, Reactor 30-Can Coolers, and Reactor 24-Can Backpacks infringe at least claim 1 of the '352 Patent because they are insulating containers that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell," "an inner liner forming a storage component," "a foam layer floating in between the outer shell and the inner liner," "the foam layer providing insulation," "an opening extending through the outer shell and the inner liner," and a "closure adapted to substantially seal the opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating container is in any orientation."

21.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

22.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

23.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count II:
### Patent Infringement of U.S. Patent No. 10,981,716 Under 35 U.S.C. § 271

24.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 23 as though fully set forth herein.

25.     Igloo has infringed and continues to infringe the '716 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor

18-Can Coolers, Reactor 30-Can Coolers, and Reactor 24-Can Backpacks, which include each and every element of one or more claims of the '716 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

26.     Claim 1 of the '716 Patent recites "[a]n insulating device comprising:" "an outer shell defining a first sidewall," "an inner liner forming a storage compartment," "wherein the outer shell defines a bottom wall extending in a first plane and wherein the inner liner comprises a nylon fabric and is secured to the outer shell in a second plane extending perpendicular to the first plane, and wherein the inner liner is secured to the outer shell by a weld," "an insulating layer comprising a foam layer positioned in between the outer shell and the inner liner, the insulating layer providing insulation for the storage compartment," "an opening configured to allow access to the storage compartment," "a closure adapted to substantially seal the opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation," and "a lid assembly attached in at least one location to a body assembly wherein the lid assembly includes an upper inner liner portion comprising a nylon fabric and an upper insulating portion and an upper outer shell portion, and wherein the upper insulating portion is positioned between the upper inner liner portion and the upper outer shell portion."

27.     Igloo's Reactor 18-Can Coolers, Reactor 30-Can Coolers, and Reactor 24-Can Backpacks infringe at least claim 1 of the '716 Patent because they are insulating devices that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell defining a first sidewall," "an inner liner forming a storage compartment," "wherein the outer shell defines a bottom wall extending in a first plane and wherein the inner liner comprises a nylon fabric and is secured to the outer shell in a second plane extending perpendicular to the first plane, and wherein the inner liner is secured to the outer shell

10

by a weld," "an insulating layer comprising a foam layer positioned in between the outer shell and the inner liner, the insulating layer providing insulation for the storage compartment," "an opening configured to allow access to the storage compartment," "a closure adapted to substantially seal the opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation," and "a lid assembly attached in at least one location to a body assembly wherein the lid assembly includes an upper inner liner portion comprising a nylon fabric and an upper insulating portion and an upper outer shell portion, and wherein the upper insulating portion is positioned between the upper inner liner portion and the upper outer shell portion."

28.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

29.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

30.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Patent No. 10,994,918 Under 35 U.S.C. § 271**

31.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32.     Igloo has infringed and continues to infringe the '918 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor 18-Can Coolers, Reactor 30-Can Coolers, and Reactor 24-Can Backpacks which include each and

11

every element of one or more claims of the '918 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

33.    Claim 1 of the '918 Patent recites "[a]n insulating device comprising:" "an outer shell," "an inner liner forming a storage compartment," "an insulating layer positioned in between the outer shell and the inner liner, wherein the insulating layer provides insulation for the storage compartment, and wherein the insulating layer is an unattached foam layer," "an opening configured to allow access to the storage compartment," and "a closure adapted to substantially seal the opening, wherein the closure is substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation, wherein the insulating device further comprises a lid assembly, and wherein the lid assembly includes: a lid assembly outer shell, a lid assembly reinforcement patch, a lid assembly reinforcement panel, a lid assembly insulating layer, a lid assembly inner liner, and a top handle, wherein the top handle extends horizontally when the insulating device is in an upright position and the closure is in the closed position, wherein the lid assembly reinforcement patch defines a first area, wherein the lid assembly reinforcement panel extends parallel to the top handle, wherein the lid assembly reinforcement panel defines a second area, wherein the lid assembly reinforcement panel is more rigid than the lid assembly inner liner and the lid assembly reinforcement panel is more rigid than the lid assembly outer shell, wherein the top handle is sewn to the lid assembly, wherein the lid assembly reinforcement patch is positioned between the top handle and an upper surface of the lid assembly outer shell, wherein the lid assembly reinforcement patch is secured to the upper surface of the lid assembly outer shell with an adhesive or welding, wherein the lid assembly reinforcement panel is positioned below a lower surface of the lid assembly outer shell, and wherein the second area is greater than the first

area such that the lid assembly reinforcement panel is configured to assist in preventing the lid assembly from bowing when the insulating device is carried in an upright position."

34.     Igloo's Reactor 18-Can Coolers, Reactor 30-Can Coolers, and Reactor 24-Can Backpacks infringe at least claim 1 of the '918 Patent because they are insulating devices that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell," "an inner liner forming a storage compartment," "an insulating layer positioned in between the outer shell and the inner liner, wherein the insulating layer provides insulation for the storage compartment, and wherein the insulating layer is an unattached foam layer," "an opening configured to allow access to the storage compartment," and "a closure adapted to substantially seal the opening, wherein the closure is substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation, wherein the insulating device further comprises a lid assembly, and wherein the lid assembly includes: a lid assembly outer shell, a lid assembly reinforcement patch, a lid assembly reinforcement panel, a lid assembly insulating layer, a lid assembly inner liner, and a top handle, wherein the top handle extends horizontally when the insulating device is in an upright position and the closure is in the closed position, wherein the lid assembly reinforcement patch defines a first area, wherein the lid assembly reinforcement panel extends parallel to the top handle, wherein the lid assembly reinforcement panel defines a second area, wherein the lid assembly reinforcement panel is more rigid than the lid assembly inner liner and the lid assembly reinforcement panel is more rigid than the lid assembly outer shell, wherein the top handle is sewn to the lid assembly, wherein the lid assembly reinforcement patch is positioned between the top handle and an upper surface of the lid assembly outer shell, wherein the lid assembly reinforcement patch is secured to the upper surface of the lid assembly outer shell with an adhesive or welding,

wherein the lid assembly reinforcement panel is positioned below a lower surface of the lid assembly outer shell, and wherein the second area is greater than the first area such that the lid assembly reinforcement panel is configured to assist in preventing the lid assembly from bowing when the insulating device is carried in an upright position."

35.     Igloo has also infringed and continues to infringe the '918 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor Cinch Totes and Reactor Cinch Backpacks which include each and every element of one or more claims of the '918 Patent, either literally or through the doctrine of equivalents, including at least claim 23.

36.     Claim 23 of the '918 Patent recites "[a]n insulating device comprising:" "an outer shell," "an inner liner forming a storage compartment," "an insulating layer, wherein the insulating layer provides insulation for the storage compartment, and wherein the insulating layer is a foam layer positioned between the outer shell and the inner liner," "an opening configured to allow access to the storage compartment," "a closure, wherein the closure is adapted to substantially close the opening to resist contents from exiting the opening," "at least two carry straps, wherein a first carry strap and a second carry strap are positioned at an upper portion of the insulating device," "at least two side handles, wherein the side handles are attached at the upper portion of the insulating device," and "a base, wherein the base is more rigid than the outer shell, the base is more rigid than the inner liner, and the base is more rigid than the insulating layer, wherein the base is compression molded, wherein the base includes a logo or name on a bottom surface, and wherein the base includes a support ridge."

37.     Igloo's Reactor Cinch Totes and Reactor Cinch Backpacks infringe at least claim 23 of the '918 Patent because they are insulating devices that include all of the claim elements of

at least claim 23, either literally or through the doctrine of equivalents, including "an outer shell," "an inner liner forming a storage compartment," "an insulating layer, wherein the insulating layer provides insulation for the storage compartment, and wherein the insulating layer is a foam layer positioned between the outer shell and the inner liner," "an opening configured to allow access to the storage compartment," "a closure, wherein the closure is adapted to substantially close the opening to resist contents from exiting the opening," "at least two carry straps, wherein a first carry strap and a second carry strap are positioned at an upper portion of the insulating device," "at least two side handles, wherein the side handles are attached at the upper portion of the insulating device," and "a base, wherein the base is more rigid than the outer shell, the base is more rigid than the inner liner, and the base is more rigid than the insulating layer, wherein the base is compression molded, wherein the base includes a logo or name on a bottom surface, and wherein the base includes a support ridge."

38.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

39.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

40.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**
**Patent Infringement of U.S. Patent No. D897,780 Under 35 U.S.C. § 271**

41.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

42.    Igloo has infringed and continues to infringe the '780 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor 18-Can Coolers and Reactor 30-Can Coolers, which are covered by the claim of the '780 Patent.

43.    Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers infringe the '780 Patent because the overall appearance of the designs of Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers and the '780 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers and the '780 Patent to be substantially the same.

44.    Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

45.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

46.    Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Patent No. D896,591 Under 35 U.S.C. § 271**

47.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.    Igloo has infringed and continues to infringe the '591 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor 18-Can Coolers and Reactor 30-Can Coolers, which are covered by the claim of the '591 Patent.

49.     Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers infringe the '591 Patent because the overall appearance of the designs of Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers and the '591 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers and the '591 Patent to be substantially the same.

50.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

51.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

52.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count VI:
### Patent Infringement of U.S. Patent No. D815,496 Under 35 U.S.C. § 271

53.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54.     Igloo has infringed and continues to infringe the '496 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor 18-Can Coolers and Reactor 30-Can Coolers, which are covered by the claim of the '496 Patent.

55.     Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers infringe the '496 Patent because the overall appearance of the designs of Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers and the '496 Patent are substantially the same, and an ordinary observer

would perceive the overall appearance of the designs of Igloo's Reactor 18-Can Coolers and Reactor 30-Can Coolers and the '496 Patent to be substantially the same.

56.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

57.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

58.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VII:**
**Patent Infringement of U.S. Patent No. D848,221 Under 35 U.S.C. § 271**

59.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 58 as though fully set forth herein.

60.     Igloo has infringed and continues to infringe the '221 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Igloo's infringing Reactor 24-Can Backpacks, which are covered by the claim of the '221 Patent.

61.     Igloo's Reactor 24-Can Backpacks infringe the '221 Patent because the overall appearance of the designs of Igloo's Reactor 24-Can Backpacks and the '221 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Igloo's Reactor 24-Can Backpacks and the '221 Patent to be substantially the same.

62.     Igloo's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

18

63.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

64.     Igloo also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff YETI respectfully prays for:

1.     Judgment that Igloo has (i) infringed the '352 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '716 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '918 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '780 Patent in violation of § 271 of Title 35 of the United States Code; (v) infringed the '591 Patent in violation of § 271 of Title 35 of the United States Code; (vi) infringed the '496 Patent in violation of § 271 of Title 35 of the United States Code; and (vii) infringed the '221 Patent in violation of § 271 of Title 35 of the United States Code.

2.     An injunction against further infringement of YETI's patents by Igloo and each of Igloo's agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

3.     An Order directing Igloo to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

19

4.      An award of damages adequate to compensate YETI for Igloo's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Igloo's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

5.      Such other and further relief as this Court deems just and proper.

Dated: May 5, 2021                 Respectfully submitted,

By: */s/ Joseph J. Berghammer*
Joseph J. Berghammer (admitted in the Southern
District of Texas)
Attorney-In-Charge
Illinois Bar No. 6273690
Southern District of Texas Bar No. 2868672
jberghammer@bannerwitcoff.com
Katherine Laatsch Fink (admitted *pro hac vice*)
Illinois Bar No. 6292806
kfink@bannerwitcoff.com
John A. Webb, Jr. (admitted *pro hac vice*)
Illinois Bar No. 6321695
jwebb@bannerwitcoff.com
Alexander J. Bruening (admitted *pro hac vice*)
Illinois Bar No. 6335629
abruening@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR PLAINTIFF YETI
COOLERS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendant by and through its counsel of record.

/s/ Joseph J. Berghammer
FOR YETI COOLERS, LLC